[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is a contract dispute appealed from Rhode Island District Court, Sixth Division, pursuant to D.C.R. 73. The plaintiff, Nelson Lock Company ("Nelson"), asserts that the defendant, Jeremiah, Inc. ("Jeremiah"), owes Nelson $2521.77 by virtue of Jeremiah's acceptance of goods from Nelson. Nelson also seeks interests, costs and reasonable attorney's fee.
DISCUSSION
The merits of Nelson's claim must be decided in accordance with G.L. 1956 (1985 Reenactment) § 6A-2-601 et seq. (the "Uniform Commercial Code," hereinafter the "U.C.C.").
Section 2-606 provides:
 § 6A-2-606 What constitutes acceptance of goods.
 (1) Acceptance of goods occurs when the buyer . . .
 (b) Fails to make an effective rejection (subsection (1) of § 6A-2-602), but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them;
 (c) Does any act inconsistent with the seller's ownership . . .
Section 6A-2-602, subsection (1), provides that "[r]ejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer reasonably notifies the seller." Whether a period of time is reasonable "depends on the nature, purpose and circumstances of such action" and that "an action is taken `seasonably' when it is taken at or within the time agreed or if no time is agreed at or within a reasonable time." Section 6A-1-204.
Section 6A-2-607 states the effect of an acceptance by a buyer of goods. That section provides:
 6A-2-607. Effect of acceptance . . .
 (1) the buyer must pay at the contract rate for any goods accepted . . .
 (3) Where a tender has been accepted
 (a) The buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy . . .
 (4) The burden is on the buyer to establish any breach with respect to the goods accepted. . . .
Further, Section 6A-2-709 provides that, where a buyer fails to pay for accepted goods, the seller may sue for the price of those goods.
Nelson argues that it sold certain goods to Jeremiah, and that Jeremiah accepted those goods without paying for them. In support of its case, Nelson produced five invoices from its records. The number, date and amount of each invoice is as follows:
 No. 45295 8/30/85 $587.02
 No. 45372 9/14/85 $856.00
 No. 45381 9/16/85 $364.75
 No. 45614 10/28/85 $690.00
 No. 45664 11/06/85 $ 24.00

The total value of the goods listed on these invoices is $2521.77. Each invoice indicates that goods listed thereon either were delivered to Jeremiah by Nelson or picked up from Nelson by Jeremiah.
Nelson also presented testimony from Sam Nelson, who was president of Nelson at the time of the transactions memorialized by the above-discussed invoices. He testified that Nelson had delivered and installed custom-designed products for Jeremiah but had never received payment. He also testified that Jeremiah complained about these products only once and that Nelson promptly remedied the condition which prompted Jeremiah's complaint.
The defendant argues that it did not accept the goods tendered by Nelson. It presented testimony from Andrew A. Jeremiah that Nelson's goods were unsatisfactory and that notice of that was given within a reasonable time. This Court finds Mr. Jeremiah's testimony unconvincing for two reasons, however. First, Jeremiah placed multiple orders with Nelson during a period which extended over two months. One can infer that Jeremiah was satisfied with the goods from Nelson. Second, his testimony is not consistent with his experience and "hands on" approach to business.
This Court therefore is satisfied, after hearing the testimony and considering all of the evidence presented in this case, that the defendant, Jeremiah, accepted from the plaintiff, Nelson, goods valued at $2521.77 and is contractually obligated to pay that amount. This Court therefore awards Nelson $2521.77 plus interest, to be computed at the statutory rate.
Counsel shall prepare an appropriate order.